OPINIONS OF THE SUPREME COURT OF OHIO
**** SUBJECT TO FURTHER EDITING ****

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Office of Disciplinary Counsel v. Lynch.
[Cite as Disciplinary Counsel v. Lynch (1994),      Ohio St.3d      .]
Attorneys at law -- Misconduct -- Six-month suspension --
    Engaging in conduct prejudicial to the administration of
    justice -- Engaging in conduct that adversely reflects on
    fitness to practice law -- Executing and filing, in
    Missouri, an incomplete, false, and misleading affidavit
    concerning the criminal record of a client.
    (No. 94-968 -- Submitted November 2, 1994 -- Decided
December 23, 1994.)
    On Certified Report by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 93-63.
    On October 18, 1993, relator, Office of Disciplinary Counsel, filed a complaint with the Board of Commissioners on Grievances and Discipline of the Supreme Court of Ohio ("board"), charging respondent, Robert T. Lynch of Cleveland, Ohio, Attorney Registration No. 0039944, with violations of DR 7-102(A)(5) (knowingly making false statement of effect or law), 7-102(A)(7) (counseling or assisting client in conduct that lawyer knows to be illegal or fraudulent), 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 1-102(A)(6) (engaging in conduct that adversely reflects on fitness to practice law). In his answer, respondent admited many of the allegations in the complaint but denied any violations of the disciplinary code. The parties waived hearing and filed agreed stipulations and a recommendation for sanction with the board on March 22, 1994.
    According to the stipulations, respondent represented David Thompson in an appeal from a conviction of attempted rape in the Geauga County Common Pleas Court. The Court of Appeals for the Eleventh District of Ohio reversed and remanded this judgment to the trial court. Thereafter, respondent informed the common pleas court that Thompson had decided not to withdraw his prior guilty plea with the agreement of the

prosecutor that Thompson be resentenced. The trial judge, accordingly, sentenced Thompson to three years to fifteen years maximum with credit for all time served since January 13, 1986, the date of Thompson's initial guilty plea.

In 1992, Thompson, in attempting to obtain a nursing license in Missouri, asked respondent to state in an affidavit that Thompson had no felony convictions. On October 26, 1992, respondent prepared and signed an affidavit stating:

"Since the time of the reversal of the charges referred to above, up to the present date, I have no personal knowledge of David Thompson's entering a guilty plea, a no contest plea, or having been found guilty or convicted of any felony.

"5. I have formally advised David Thompson to indicate, whether public or privately, that he has not been convicted for crime, because the conviction originally had was reversed by a Court of Appeals, and thus the original conviction has been rendered null and void."

Thompson submitted the affidavit to the Missouri officials, who, after further investigation, discovered that Thompson had, in fact, been convicted of a felony, had been sentenced, and had actually served a sentence in the penitentiary.

A panel of the board determined that respondent had executed and filed, in Missouri, an incomplete, false, and misleading affidavit concerning the criminal record of Thompson, and that he had violated DR 1-102(A)(5) (engaging in conduct prejudicial to the administration of justice) and 1-102(A)(6). The panel recommended that respondent be suspended from the practice of law for six months with five months stayed on condition of probation and good behavior during this period. The board adopted the findings of fact and conclusions of law of the panel; however, the board recommended that we suspend respondent from the practice of law for six months without any stay.

Geoffrey Stern, Disciplinary Counsel, and Alvin E. Mathews, Assistant Disciplinary Counsel, for relator.
Robert T. Lynch, pro se

Per Curiam. After reviewing the record in this case, we agree with the board's findings of fact, conclusions of law, and recommendation. Accordingly, we suspend respondent from the practice of law for six months and tax costs to him.

Judgment accordingly.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.